FILED
United States Court of Appeals
Tenth Circuit

December 15, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ISAIAH RODDY,

      Plaintiff - Appellant,

v.

EARNEST SUAREZ; ASHLEY C.
HEFFRON; ADAM R. BARELA;
RAYMOND G. MURPHY
VETERAN'S POLICE
DEPARTMENT; RICHARD
LARSON, Sgt.; CAPTAIN
MCMURRAY,

      Defendants - Appellees.

No. 10-2141
(D.C. No. 1:10-CV-00527-WJ-LAM)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

    Plaintiff appeals from the district court's dismissal of his claim brought

pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

we affirm.

## Background

The parties are familiar with the facts, so we need not restate them in entirety here. Plaintiff Isaiah Roddy is a federal inmate appearing pro se. Mr. Roddy filed his civil rights complaint on May 28, 2010, against several employees of the Raymond G. Murphy Veteran's Recreation Hall and Raymond G. Murphy Veteran's Police Department. See 1 R. 3 (Complaint), 49 (Mem. Op. & Order at 2). Mr. Roddy had been arrested and charged with aggravated assault with a deadly weapon following a confrontation at the facility. In connection with this charge, Mr. Roddy pleaded guilty to embezzlement and was sentenced to the lesser of 223 days or time served, and two years of supervised release. Aplt. Br. Ex. 4. In an order dated June 7, 2010, the district court dismissed the civil rights complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), concluding that no relief was available to Mr. Roddy.

## Discussion

We review de novo the district court's decision to dismiss for failure to state a claim, examining the sufficiency of the allegations contained in the complaint without weighing the evidence. Fletcher v. Burkhalter, 605 F.3d 1091, 1098 (10th Cir. 2010); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1947

(2009). The same standard guides our review of dismissals under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6): we accept the allegations contained in the complaint as true and draw all inferences in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). In addition, we must construe Mr. Roddy's complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay, 500 F.3d at 1217 (internal quotation marks and citation omitted).

On appeal, Mr Roddy argues that the district court did not properly consider his claims. Aplt. Br. 2, 4. Upon review of the record, we conclude that the district court correctly held that Mr. Roddy failed to allege a cognizable claim and appropriately dismissed his suit. The district court construed Mr. Roddy's complaint to allege claims of false arrest and false imprisonment, and concluded that no relief was available to Mr. Roddy for either of these claims. We agree. His claim for false arrest was precluded because witnesses' statements indicating that Mr. Roddy had used his knife as a threat formed the necessary probable cause to support his arrest. See 1 R. 8-10 (Complaint at 6-8), 49 (Mem. Op. & Order 2); Grubbs v. Bailes, 445 F.3d 1275, 1278 (10th Cir. 2006) ("[A]s a general matter, a suspect's contradiction of a witness' accusation is not sufficient to vitiate probable cause . . . ."). Likewise, to the extent Mr. Roddy may have

- 3 -

asserted a constitutional claim, the existence of probable cause in this case is ground for dismissal.

Mr. Roddy's claim for false imprisonment is without merit because there was no termination of the challenged criminal proceedings in Roddy's favor. 1 R. 50 (Mem. Op. & Order 3); see Mondragón v. Thompson, 519 F.3d 1078, 1082-83 (10th Cir. 2008) ("After the institution of legal process, any remaining constitutional claim is analogous to a malicious prosecution claim. . . . [A] due process claim for malicious prosecution arises only once 'the original action,' whatever form it has taken, has 'been terminated in favor of the plaintiff.'" (quoting Pierce v. Gilchrist, 359 F.3d 1279, 1294 (10th Cir. 2004))).

We therefore AFFIRM the judgment of the district court. We grant Mr. Roddy's motion to proceed on appeal without prepayment of filing fees. We remind him of his obligation to continue making partial payments until the entire fee has been paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge